OPINION of the Court, by
Judge Owsley.
This }s an ejectment, brought by the defendant in error against Richard Roe, the casual ejector, and served upon Mattox, the tenant in possession. Mattox failing to appear> a common order was taken against the casual ejector, and on the calling of the suit for trial the plaintiff in error appeared and offered evidence to prove that' JVJattox entered on the land as his tenant, and moved the court to admit him to defend the action. His motion was, however, overruled, the common order con-^rmec^ an<i a wr’t inquiry awarded, and judgment entered in favor of the defendant in error for the land in question.
Whether, therefore, the plaintiff should have been permitted to defend the action on making proof Mattox entered on the land as his tenant, is the only question necessary for consideration in deciding this cause.
It is an ancient and Well settled rule, in proceeding by ejectment, that the landlord is allowed to become a defendant in an action brought against his tenant. But it is contended in this case that the court below decided correctly in refusing to admit the plaintiff M’Cleland a defendant, because it appears by a transcript of the record and proceedings in a writ of forcible detainer brought by the plaintiff against Mattox, that Mattox was guilty of a forcible detainer of the land in question. We are unable to perceive any reason why the proceedings in the forcible detainer should in any respect tend to preclude the plaintiff from defending an action brought to recover the land from Mattox. It is clear had the ejectment been brought before the expiration of Mattox’s lease, the plaintiff would have had a right to be made defendant. The circumstance of Mattox holding over by force, it is conceived, cannot prejudice the plaintiff’s right. In a proceeding against Mattox to recover the land, it is evident he would not be allowed to dispute the plaintiff’s title ; and if he i* estopped W *267 deny the right, it would seem necessarily to follow that by his wrongful act in detaining the land the plaintiff’s right should not be prejudiced, but that the plaintiff should be allowed to defend the possession in the same manner if the lease had not expired.
We think, therefore, the plaintiff in making proof that Mattox entered on the land as his tenant, should be admitted defendant, and that the court erred in refusing to receive evidence to that effect.
The judgment must therefore be reversed with costs, and the cause remanded for further proceedings consistent with this opinion.